# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| ANTONIO HARVEY, | ) |
| Petitioner | ) |
| v. | ) Case No.: 14-CV-2237 |
| UNITED STATES OF AMERICA | ) |
| Respondent. | ) |

## ORDER AND OPINION

This matter is before the Court on Petitioner Antonio Harvey's ("Harvey") Motion to Vacate, Set Aside or Correct Sentence pursuant 28 U.S.C. § 2255. This matter has been fully briefed and for the following reasons, the Petitioner's Motion [1] is DENIED.

### BACKGROUND

Harvey was indicted on one count of being a felon in possession of a firearm. At the initial appearance, the Court appointed the Federal Public Defender's Office to represent Harvey. At that time, Harvey had six prior felony offenses. On June 15, 2013, Harvey pled guilty to being a felon in possession of a firearm. At sentencing, Harvey faced a guideline range of 77 to 96 months term of imprisonment. Defendant made no objections to the presentence report ("PSR"). Harvey received a sentence of 77 months, which was at the bottom of the guideline range. Harvey did not appeal.

Harvey now brings this §2255 motion in which he claims his counsel was ineffective for: 1) failing to file a motion to suppress the audio/video of the purchase of the firearm ("the buy video"); and 2) failing to object to the PSR.

**DISCUSSION**

**I.     Legal Analysis**

A petitioner may avail himself of § 2255 relief only if he can show that there are "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude or result in a complete miscarriage of justice." Boyer v. United States, 55 F.2d 296, 298 (7th Cir. 1995), cert. denied, 116 S.Ct. 268 (1995). Section 2255 is limited to correcting errors that "vitiate the sentencing court's jurisdiction or are otherwise of constitutional magnitude." Guinan v. United States, 6 F.3d 468, 470 (7th Cir. 1993), *citing* Scott v. United States, 997 F.2d 340 (7th Cir. 1993). Claims of ineffective assistance of counsel, such as the claims alleged by Harvey, are appropriate to bring in a § 2255 motion.

A § 2255 motion is not, however, a substitute for a direct appeal. See Doe v. United States, 51 F.3d 693, 698 (7th Cir.), *cert. denied*, 116 S.Ct. 205 (1995); McCleese v. United States, 75 F.3d 1174, 1177 (7th Cir. 1996). Federal prisoners may not use § 2255 as a vehicle to circumvent decisions made by the appellate court in a direct appeal. See United States v. Frady, 456 U.S. 152, 165 (1982); Doe, 51 F.3d at 698. Accordingly, a petitioner bringing a § 2255 motion is barred from raising: (1) issues raised on direct appeal, absent some showing of new evidence or changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; or (3) constitutional issues that were not raised on direct appeal, absent a showing of cause for the default and actual prejudice from the failure to appeal. See Belford v. United States, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by* Castellanos v. United States, 26 F.3d 717, 710-20 (7th Cir. 1994).

## II. Analysis

Criminal defendants are guaranteed the right to effective assistance of counsel under the Sixth Amendment. Watson v. Anglin, 560 F.3d 687, 690 (7th Cir. 2009). The seminal case on ineffective assistance of counsel is Strickland v. Washington, 466 U.S. 668 (1984). In Strickland, the Court stated that in order for a prisoner to demonstrate that counsel's performance fell below the constitutional standard, the petitioner would have to show that "counsel's representation fell below an objective standard of reasonableness." Id., at 687-88; Wyatt v. United States, 574 F.3d 455, 458-59 (7th Cir. 2009). Courts, however, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id., at 690. A prisoner must also prove that he has been prejudiced by his counsel's representation by showing "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." Id., at 694. Absent a sufficient showing of both cause and prejudice, a petitioner's claim must fail. United States v. Delgado, 936 F.2d 303, 311 (7th Cir. 1991).

Harvey alleges his trial counsel, Peter Henderson, was ineffective for failing to file a motion to suppress the buy video. It is well-settled in this Circuit that when a petitioner makes a claim for ineffective assistance based on counsel's failure to file a motion to suppress, Petitioner must make a showing that the motion would be meritorious. See Owens v. United States, 387 F.3d 607, 610 (7th Cir. 2004); United States v. Stewart, 388 F.3d 1079, 1084 (7th Cir. 2004). United States v. Cieslowski, 410 F.3d 353, 360 (7th Cir. Ill. 2005). Here, Harvey is making conflicting requests of Court. On the one hand, he argues the video should be suppressed; on the other, he urges the Court to rely on the video, alleging the video supports his argument for

sentence reduction. Nonetheless, Harvey provides no basis for the suppression of the video; accordingly, the Court rejects this unsupported claim.

Harvey next argues counsel was ineffective for failing to object to the PSR and obtain a role reduction under the sentencing guidelines. The Court disagrees. According to USSG § 3B1.2(b), a defendant's offense level may be decreased by two levels if the sentencing judge finds him to have been a minor participant in the offense. The Seventh Circuit Court of Appeals has held a "minor participant is one who is substantially less culpable than the average participant." United States v. Corral, 324 F.3d 866, 874 (7th Cir. 2003); see also, United States v. Jones, 55 F.3d 289, 293 (7th Cir. 1995); United States v. Otero, 88 Fed. Appx. 132, 134 (7th Cir. 2004).

Here, Harvey does not deny he was in the vehicle during the transaction, nor does he deny that his voice can be heard on the buy video. In addition, the Government presented audio-taped conversations between Harvey and the confidential source demonstrating Harvey's role in the offense. Based upon all of this evidence, Harvey's counsel was not ineffective for failing to seek a role reduction. See Rodriguez v. United States, 286 F.3d 972, 985 (7th Cir. 2002) (holding that it was not unreasonable for an attorney to fail to raise an argument that was likely to fail). Moreover, Harvey was not prejudiced by his attorney's failure to object, as there was sufficient evidence indicating Harvey played a primary role in the offense. Accordingly, Harvey's second claim for ineffective counsel is also denied.

### III. Evidentiary Hearing

The Court further denies the request for an evidentiary hearing in this matter. Harvey is entitled to an evidentiary hearing only if he has alleged facts that, if proven, would entitle him to relief. See Sandoval v. United States, 574 F.3d 847, 850 (7th Cir. 2009). As the factual issues

relevant to Harvey's claims in this action can be resolved on the record, an evidentiary hearing is not required. See Oliver v. United States, 961 F.2d 1339, 1343 (7th Cir. 1992).

IV.  **Certificate of Appealability**

To obtain a certificate of appealability, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C § 2253(c)(2). The petitioner must also show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

Here, no reasonable jurist could conclude that Harvey's claims were not either devoid of factual support, or flatly contradicted by the well-established law of this Circuit. Accordingly, this Court will not issue him a certificate of appealability.

## CONCLUSION

For the reasons set forth herein, Harvey's Motion to Vacate, Set Aside, or Correct Sentence pursuant to § 2255 [1] is DENIED. This matter is now terminated.

Entered this 4th day of May, 2015.

> s/ James E. Shadid
> James E. Shadid
> Chief United States District Judge