UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTONIO HARVEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 14-2237 |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Respondent. | ) |
| | ) |

## ORDER AND OPINION

This matter is now before the Court on Petitioner Harvey's Motion [11] for Relief from Judgment. For the reasons set forth below, Petitioner's Motion is Denied.

**Background**

Petitioner Harvey was indicted on one count of being a felon in possession of a firearm, having six prior felony offenses. Harvey pleaded guilty to the felon in possession of a firearm charge and was sentenced to 77 months. He did not object to the presentence report ("PSR") or appeal. On September 29, 2014, Harvey filed a § 2255 habeas Petition with this Court, claiming ineffective assistance of trial counsel for failing to file a motion to suppress the video recording of the firearm purchase (the "Buy Video") and for failing to object to the PSR. On May 4, 2015, this Court entered an Order denying Harvey's § 2255 Petition. (E.C.F. No. 8). Harvey appealed, and on February 23, 2016, the Seventh Circuit entered an order denying Harvey's application for a certificate of appealability. See *Harvey v. United States*, No. 15-2499 (7th Cir. Feb. 23, 2016). Shortly before his appeal, Petitioner Harvey filed this Rule 60(b)(6) Motion for relief from judgment, alleging that the government is trying to conceal the Buy Video, and that the video shows that Harvey had only a minor role in the offense. (E.C.F. No. 11 at 2-3). Petitioner requests a sentence reduction.

**Standard of Review**

A motion under Rule 60(b) may be used by a prisoner in rare circumstances. *Ramirez v. United States*, 799 F.3d 845, 850 (7th Cir. 2015); Fed. R. Civ. P. 60(b)(6). While "Rule 60(b) has an unquestionably valid role to play in habeas cases," (*Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005)), that role is restricted. *Ramirez*, 799 F.3d at 850. Specifically, a movant seeking relief under Rule 60(b)(6) "must show extraordinary circumstances justifying the reopening of a final judgment." *Gonzalez*, 545 U.S. at 535. Rule 60(b)(6) is "fundamentally equitable in nature" and requires the Court to "examine all the circumstances, bearing in mind the need for the party invoking the rule to demonstrate why extraordinary circumstances justify relief." *Ramirez*, 799 F.3d at 850-51.

**Analysis**

Petitioner Harvey's Motion alleges that the government "is trying to prevent the court from viewing the buy video so the court (judge) couldn't see the role in which the petitioner played, which would result to a reduction in sentence," that the Buy Video demonstrates that "petitioner had no control over the Firearm," and the video shows he was "just receiving money." In support of his Motion, Petitioner cites two cases, *Henderson v. United States* [135 S.Ct. 1780 (2015)] and *Schlup v. Delo* [513 U.S. 298 (1995)].

*Henderson* addressed how § 922(g), the offense for possession of a firearm by a felon, "affects a court's authority to direct the transfer of such firearms to a third party." *Henderson*, 125 S.Ct. at 1784; 18 U.S.C. § 922(g). To the extent that *Henderson* applies to this case, it does not support the argument Petitioner appears to advocate. Specifically, *Henderson* articulates that § 922(g) proscribes possession "in every form," and "thus prevents a felon not only from holding his firearms himself but also from maintaining control over those guns in the hands of others."

*Id.* The Buy Video includes an admission from Harvey that he purchased the firearm from another person and statements to his accomplice instructing him to bring the weapon to the vehicle to complete the sale. The confidential source exchanged money with Harvey for the weapon. Petitioner Harvey cannot prevail in his attempt to side-step the reach of the felon in possession of a firearm law by arguing that the gun was not physically in his hands at the time of the transaction—his control over the firearm was sufficient. Moreover, *Henderson* is easily distinguished from the facts of this case. In *Henderson*, the defendant was charged with a felony and required to turn over firearms he lawfully owned. The Supreme Court held that a (1) court-ordered transfer of a felon's (2) lawfully owned firearms from (3) government custody to a third party is not barred by § 922(g) if (4) the court is satisfied that the recipient will not give the felon control over the firearms, so that he could either use them or (5) direct their use. *Id*. Here, there was no court order, the firearm was not lawfully owned by Harvey, and the parties did not use the government as an intermediary. Thus, *Henderson* is wholly inapplicable where, as here, a felon maintains control over the firearm. *Id*.

Petitioner's reliance on *Schlup* is likewise misplaced. That case dealt with claims of actual innocence in federal habeas corpus petitions. Petitioner Harvey pleaded guilty, he did not appeal his sentence, and his habeas Petition did not provide any new—much less exculpatory—reliable evidence not presented at trial. See *Schlup* at 853. To the contrary, Harvey's own Petition and the Buy Video he now asks the Court to consider contain numerous admissions sufficient to conclude he committed the offense charged. For those reasons, this Court denied Harvey's § 2255 Petition in its May 4, 2015, Order and Opinion. (E.C.F. No. 8). The Seventh Circuit likewise found no substantial showing of a constitutional violation and denied Harvey's request for a certificate of appealability. *Harvey v. United States*, No. 15-2499 (7th Cir. Feb. 23, 2016).

Nothing has changed since those opinions, and Harvey has not presented any new evidence to warrant revisiting them.

Finally, the Court addresses Harvey's most imaginative claim: that the government "is trying to prevent the court from viewing the buy video so the court (judge) couldn't see the role in which the petitioner played." The same could be said of Harvey in his § 2255 Petition, where he argued counsel was ineffective for *not* suppressing the Buy Video. As the Court noted in its earlier Opinion, "Harvey is making conflicting requests of [this] Court. On the one hand, he argues the video should be suppressed; on the other, he urges the Court to rely on the video, alleging the video supports his argument for sentence reduction." E.C.F. No. 8. at 3.

Petitioner Harvey's Rule 60(b)(6) Motion for relief from judgment fails to establish "extraordinary circumstances justifying the reopening of a final judgment." *Ramirez*, 799 F.3d at 850. The same allegations made in the instant Motion were addressed by the Court in its earlier Opinion denying Harvey's § 2255 Petition, and affirmed on appeal. Petitioner has not come forward with new, reliable, exculpatory evidence of actual innocence, and he offers no other justification for revisiting this Court's judgment. Therefore, Petitioner Harvey's Rule 60(b)(6) Motion is denied.

## CONCLUSION

For the reasons stated above, Petitioner's Motion [11] is Denied. This matter is now terminated.

Signed on this 11th day of March, 2016.

s/ James E. Shadid
James E. Shadid
United States District Judge